J-S65002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: C.J.L.K., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: C.L., FATHER | No. 1426 EDA 2015 |

Appeal from the Order and Decree Entered April 28, 2015
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):
CP-51-AP-0000075-2015
CP-51-DP-0000395-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 22, 2015**

C.L. ("Father") appeals from the decree entered April 28, 2015, in the Court of Common Pleas of Philadelphia County, which involuntarily terminated his parental rights to his minor daughter, C.J.L.K. ("Child"), born in September of 2004. Father also appeals from the order entered that same day, which changed Child's permanency goal to adoption.[1] We affirm.

Child was adjudicated dependent on April 12, 2013, due to, *inter alia*, drug use by Mother and her boyfriend, A.C. Additionally, Father was incarcerated. Father had been convicted of rape by forcible compulsion, and currently is serving a sentence of approximately fifteen to thirty years' incarceration, with a minimum release date in 2026.

---

[1] The parental rights of Child's mother, J.K. ("Mother"), were terminated by a separate decree entered on February 18, 2015. Mother is not a party to the instant appeal.

On January 30, 2015, DHS filed a petition to involuntarily terminate Father's parental rights to Child, as well as a petition to change Child's permanency goal to adoption. A termination and goal change hearing was held on April 28, 2015. At the start of the hearing, at approximately 10:52 a.m., the trial court attempted to place a phone call to Father. N.T., 4/28/2015, at 3-4. However, a prison counselor informed the court that Father was not available, because he left to attend a medical appointment. *Id.* The court announced that the hearing would proceed without Father, and Father's counsel objected. *Id.* at 4. Father's counsel reported that she had "two voice mails . . . confirming that my client would be available from ten-thirty to eleven-thirty," and that Father wanted to participate in the hearing. *Id.* at 4-5. The court then permitted Father's counsel to ask the prison counselor a series of follow-up questions. *Id.* at 5. The prison counselor explained Father's absence, as follows.

> [FATHER'S COUNSEL]: So, you're telling me that he was there and he choose [*sic*] to leave or had to leave?
>
> COUNSELOR GOKENHAUER: No ma'am. He had been called by the medical department. He was waiting expecting [*sic*] the call. He was here from ten fifteen until around ten forty-five.
>
> And he had said that he thought the call wasn't going to come and he had already been called to the appointment twenty minutes prior.
>
> [FATHER'S COUNSEL]: Is he sick?
>
> COUNSELOR GOKENHAUER: So he choose [*sic*] – ma'am I'm not sure.

***

> THE COURT: All right.  So, sir, [Father is] unable to come back at all, right?  As far as you know he's not able to come back, right?
>
> COUNSELOR GOKENHAUER: Yes, sir.

*Id.* at 5-6.

The court stated that it would take testimony without Father, and Father's counsel again objected.  *Id.* at 6, 9.  The court noted the objection, but proceeded with the hearing.  *Id.*  Following the hearing, the court entered its decree terminating Father's parental rights, as well as its order changing Child's permanency goal to adoption.  Father timely filed a notice of appeal on May 13, 2015, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[2]

> Father now raises the following issue for our review.
>
> Was Father deprived of a fair hearing when the [c]ourt denied his request for continuance where Father was available at the time the case was scheduled, where the trial [c]ourt's management of its list caused the [c]ourt to call the case after Father was required to attend a medical appointment, and where the same problem had occurred a month prior?

Father's brief at 8.

_____

[2] We note that Father improperly filed only one notice of appeal from both the termination decree and the change of goal order.  *See* Pa.R.A.P. 341, Note ("Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.").  However, we decline to quash Father's appeal, as we discern no prejudice stemming from Father's procedural misstep.

Father contends that he was denied his right to due process because the trial court failed to grant his counsel's request for a continuance during the April 28, 2015 hearing. According to Father, he was unable to participate in the hearing, "[t]hrough no fault of his own," because he "had to attend a medical appointment he was called to." Father's brief at 12, 14. Father also suggests that he missed the trial court's call because the court was "behind schedule." *Id.* at 12, 16.

We consider Father's claim mindful of our well-settled standard of review.

> This Court has noted that a trial court has broad discretion regarding whether a request for continuance should be granted, [and] we will not disturb its decision absent an apparent abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result[ ] of partiality, prejudice, bias, or ill-will.

*In re K.J.*, 27 A.3d 236, 243 (Pa. Super. 2011) (citations and quotation marks omitted).

"Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Garr v. Peters*, 773 A.2d 183, 191 (Pa. Super. 2001) (citation and quotation marks omitted). Due process does not require that an incarcerated parent must be physically present at a termination hearing. *In re Adoption of J.N.F.*, 887 A.2d 775, 781 (Pa. Super. 2005). "However, if the incarcerated parent desires to

contest the termination petition, the trial court must afford the incarcerated parent the ability to participate meaningfully in the termination hearing through alternate means." *Id.*

Instantly, the trial court found that Father was not denied due process, because he willingly failed to participate in the April 28, 2015 hearing. Trial Court Opinion, 7/17/2015, at 6-7. The court reasoned that Father was given notice, the opportunity to be heard, and the chance to defend himself, and that "it [was] Father's own actions and lack of good judgment" that prevented him from participating. *Id.* We agree.

While Father contends that he had no choice but to attend a medical appointment during the April 28, 2015 hearing, there is simply no support in the record for Father's claim. To the contrary, Counselor Gokenhauer informed the trial court that Father was available from 10:15 until about 10:45, but that he "thought the call wasn't going to come" and chose to attend his medical appointment instead. N.T., 4/28/2015, at 5. Moreover, the record confirms that Father did not miss the trial court's call because the court was behind schedule. Father's counsel acknowledged that Father was supposed to be available from 10:30 a.m. until 11:30 a.m. *Id.* at 4. The court called well-within the allotted time, at approximately 10:52 a.m. *Id.* Thus, the record supports the court's conclusion that Father willingly forfeited his right to participate in the hearing.

Accordingly, because we conclude that Father was not denied due process, we affirm the court's decree involuntarily terminating Father's parental rights to Child, and the court's order changing Child's permanency goal to adoption.

Decree affirmed. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2015